IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

J. DOE,

           Plaintiff,

v.

MY CHOICE WISCONSIN, *et al.*,

           Defendants.

ORDER

23-cv-812-jdp

---

This court has granted plaintiff J. Doe leave to proceed in this Rehabilitation Act lawsuit against their health care providers, and the court has scheduled a telephonic preliminary pretrial conference for March 28, 2024 at 2:00 p.m. Plaintiff recently contacted the court using a Telecommunications Relay Service (TRS) which, as the FCC explains, "allows persons with hearing or speech disabilities to place and receive telephone calls." *See* fcc.gov/consumers/guides/telecommunications-relay-service-trs. The court was not aware that plaintiff has a hearing or speech disability, but it will accommodate plaintiff in this regard upon plaintiff reporting to the court the nature of the disability that requires plaintiff to use TRS. Plaintiff should submit a letter to this effect **by March 8, 2024**.

Next, the court is advising the parties that these are the trial dates available to try this lawsuit, all in 2025: July 14, July 21, July 28, August 4, August 11, August 18 and August 25. Not later than **March 8, 2024** each party must report in writing which of these dates genuinely do ***NOT*** work for that party. A party may, if it wishes, report preferences between the trial dates that work for that party. The court will set the trial date based on the input it receives.

The remainder of this order is intend to streamline the process if the March 28. 2024 telephonic hearing takes place with plaintiff using TRS. The court is presenting this information

in writing before the hearing rather than present it orally at the hearing, so that plaintiff may review it at their own speed.

## The Federal Rules of Civil Procedure

The Federal Rules of Civil Procedure are the rules that control much of what happens in this lawsuit. Not all of those rules will be important in your case, but some of them will be very important, particularly the rule about summary judgment and the rules about discovery. It is your duty to know the rules of procedure that apply to you in this case. This court cannot provide you with a copy of the rules of procedure. You will have to find your own copy of the rules to review.

The Federal Rules of Evidence could be important later in this lawsuit. The rules of evidence affect the parties' submissions for summary judgment motions. Also, if this case goes all the way to trial, the rules of evidence will affect how the evidence is presented at trial. It is your duty know the rules of evidence that apply to you in this case. This court cannot provide you with a copy of the rules of evidence. You will have to find your own copy of the rules to review.

## Service of documents on your opponent

The usual rule is that every letter, motion, brief, exhibit, or other document that you file with the court in this lawsuit must be served on your opponent at the same time. This means that whenever you mail a document to the court, you also must mail a copy of that document to the lawyers for your opponents at the same time. In order to prove that they have been served, you must **certify service** by including with each submission to the court a sentence at the end of your document, or on a separate piece of paper, in which you swear or certify that you

sent a copy through the mail with proper postage to your opponent's lawyer. If you do not serve your documents on your opponent and if you do not certify service, then this court will not look at your documents.

## Discovery

"Discovery" is the word used in federal courts to describe how the parties can learn information and get documents that are useful to deciding this lawsuit. Rules 26 through 37 and 45 of the Federal Rules of Civil Procedure explain how you may get information and documents from your opponents and how your opponents may get information and documents from you. You should read Rules 26 through 37 and 45 **now** so that you understand how this works, and so that you can begin taking discovery in this case. Discovery will begin on March 28, 2024 after we conclude the telephonic preliminary pretrial conference, and will end about two months before the trial date.

The court expects all parties to follow Rules 26 through 37 and 45. You have no right to get information or documents to use in this case except in the way these rules say. For example Rule 26(b) says that you may discover evidence that is relevant to the claims or defenses in this lawsuit. You may not discover evidence that is not relevant. Rule 26(c) protects all parties from discovery requests that are annoying, oppressive, or too expensive or too much time to be worth it in this case. Defendants often object that discovery demands violate Rules 26(b) or 26(c), so it is important to make careful discovery requests that are aimed at getting the information and documents you really need for this lawsuit, and not aimed at getting other information and documents that you don't really need.

Another reason that it is important to make careful discovery requests is because Rule 33(a) says that a party only may serve 25 interrogatories on each of their opponents. An interrogatory is a written question that you want the defendants to answer under oath. Even if you have lots of questions that you want the defendants to answer so that you can learn information about your claims, you cannot ask more than 25 questions unless the court gives you permission first. This court usually does not give either side permission to ask more than 25 interrogatories. That means you must use your 25 interrogatories to ask the most important questions.

Sometimes the defendants do not object to a few extra interrogatories, and this court expects that the defendants and their attorneys in their case will be reasonable. But you should not count on obtaining answers to more than 25 interrogatories from each defendant.

Rule 34 allows you to ask another party to show you documents that are relevant to this lawsuit, but it does not require them to make free photocopies of these documents for you. The court expects the parties to be reasonable when responding to document production requests. The best way for a party to obtain quick and complete disclosures from their opponent is for the party to limit document requests to the documents that are really needed to prepare claims for summary judgment and for trial.

If the parties disagree about discovery requests, then they first must "meet-and-confer" to try to work it out. If they cannot work it out, then either party quickly should file a motion with the court. If the parties do not bring discovery problems to the court's attention quickly, then they cannot complain that they ran out of time to get information that they needed for summary judgment or for trial.

If a party files a motion to compel discovery, or to protect from discovery, or for some other discovery problem, that party also must submit at the same time their other documents that show why the court should grant the motion.  If your opponent files a discovery motion, you only have seven calendar days to file and to serve your written response. The court will not allow a reply brief on a discovery motion unless the court asks for one.

The court does not want the parties to file their discovery material with the court, except to support some other matter in this lawsuit, such as a summary judgment motion.  Once a document or a copy of a document is in the court's file, no one has to file another copy, as long as the parties make it clear to the court where the court can find the document in the file.

A party need not file a deposition transcript with the court until that party is using the deposition in support of some other submission, at which time the entire deposition must be filed.  All deposition transcripts must be in compressed format. The court will not accept duplicate transcripts. The parties must determine who will file each transcript.

## Expert Witnesses:

Because expert witnesses are different from other witnesses, there is a special rule telling how plaintiffs and defendants must disclose their experts and explain what those experts are going to say at trial.  That rule is Rule 26(a)(2) of the Federal Rules of Civil Procedure.  If a party does not follow the requirements of Rule 26(a)(2) by their deadline to disclose expert witnesses, then this court will not allow that expert witness to present evidence in this case.

In a case like this one, the court will set a deadline for plaintiff to disclose any expert witnesses about two months before the deadline to file dispositive motions and it will set a deadline for defendants to disclose any expert witnesses about one month later, which is about a month before the deadline to file dispositive motions.

Physicians, nurses and other similar care givers who will be offering evidence only about what they did, and who will not be offering new expert opinions, must be named as experts by the deadlines set forth above, but these types of witnesses do not have to prepare written reports for this lawsuit.

This court does not have any money to help any party hire an expert witness. This court does not have any lists or other information that would help the parties locate or contact an expert witness. The parties are on their own and they should keep this in mind if they think they might want expert witnesses in this case. There is no extra time in the schedule to allow for extensions, so the parties should begin looking for expert witnesses right away if this type of witness might be important for summary judgment or for trial.

## Dispositive Motions

At the telephonic preliminary pretrial conference, the court will set a deadline for any party to file a dispositive motion, which is a motion that can dispose of some or all of the claims in this lawsuit, either for the plaintiff or for a defendant. In a case like this one, the deadline to file dispositive motions will be about 6½ months before the trial date.

There are two kinds of dispositive motions: (1) motions to dismiss, and (2) motions for summary judgment. No one may file a dispositive motion after the deadline unless the court grants permission. The court usually does not grant permission to file a late motion, so you must work hard on this case to meet the deadlines.

### Motions To Dismiss

Only defendants file motions to dismiss. Motions to dismiss usually do not require the parties to present evidence or to take discovery. If a defendant files a motion to dismiss, then the defendant must submit a supporting brief at the same time. Plaintiff must file and serve any

response to a motion to dismiss within 21 calendar days of service of the motion. The court starts counting these 21 days on the day the motion to dismiss is filed with the court. Any reply brief by the defendant must be filed and served within 10 calendar days of service of the response.

### B) Motions for Summary Judgment

Summary judgment is a way for any party in this lawsuit–either the plaintiff or any of the defendants–to win the lawsuit (or parts of it) before trial. Rule 56 of the Federal Rules of Civil Procedure explains how the parties must present their evidence and their legal arguments when they file or respond to a summary judgment motion. Rule 56 is important, so you should read it carefully, even before a summary judgment is filed, so that you can be ready for a summary judgment motion and then to do things correctly. The court allows 30 days to respond to another party's summary judgment motion, then ten days for a reply from the moving party.

This court has a written set of rules that explains how to file a summary judgment motion and how to respond to your opponent's summary judgment motion. This "Procedure Governing Summary Judgment" will be attached to the pretrial conference order that the court issues after the telephonic preliminary pretrial conference. If you do not follow the court's procedures regarding summary judgment, then you will not get more time to do it over unless the court decides on its own that you should get a second chance.

The only way to make sure that the court will consider your documents is to start early, do them right the first time, and file them and serve them on time. If you do not do things the way it says in Rule 56 and in the court's written summary judgment procedure, then the court will not consider your documents.

A party may not file more than one motion for summary judgment in this case without first getting permission from the court.

### Final Pretrial Submissions and Disclosures:

At the telephonic preliminary pretrial conference the court will set a deadline near the trial date for the parties to submit their Rule 26(a)(3) disclosures, as well as all motions in limine, proposed voir dire questions, proposed jury instructions, and proposed verdict forms. The court also will set a response deadline. The format for submitting proposed voir dire questions, jury instructions and verdict forms is set forth in the Procedures Governing Final Pretrial Submissions, which will be attached to the preliminary pretrial conference order.

### Telephonic Final Pretrial Conference:

The court will hold a telephonic final pretrial conference with all the parties ten days before the jury trial begins. The court will report what jury instructions and voir dire questions it plans to use at trial, it will rule on any motions in limine, and it will address other concerns the parties have about getting ready for trial.

### Jury Selection and Trial:

At the telephonic preliminary pretrial conference, the court will set the trial date, based on the input it has received from the parties.

On the morning of trial, at 8:30 a.m. the court will hold an in-person final pretrial conference at which Judge Peterson will answer any last minutes questions and address any other last minute concerns. When that is done, the jury pool will come into the courtroom, you will pick your jury and then begin the trial.

Trial shall be to a jury of eight and shall be bifurcated. This means that the parties will offer evidence and arguments only on the issue of liability, that is, whether the plaintiff has

proved their claims. If the jury finds that the plaintiff has met their burden, then the parties will offer evidence and arguments on the issue of damages. The parties must have all witnesses and other evidence ready and available to present at trial in order to prevent delay. If you are not ready with your witnesses or other evidence ready when it is your turn, then the court could end your presentation of evidence.

## Conclusion

The court has provided this information to the parties early primarily as a courtesy to plaintiff. Having done so, the court does not intend to revisit this material in detail at the March 28, 2024 telephonic preliminary pretrial conference, although it is willing to answer specific, focused questions at that time. Following the hearing, the court will issue a written preliminary pretrial conference order that will include all of the dates that we set, and to which the court will attached a number of "how-to" documents that provide a roadmap to the plaintiff about what to do, when to do it, and how to do it in order to obtain the best available outcome in this lawsuit.

Entered this 22rd day of February, 2024.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge